OPINION
{¶ 1} Harrison Parks, Inc. ("Harrison Parks") appeals from a judgment of the Municipal Court of Dayton, which dismissed its action in forcible entry and detainer against Alberta Bozarth.
 {¶ 2} Harrison Parks is a mobile home park located in Dayton, Ohio, and Bozarth rented a lot there on a month to month basis. The parties had an oral lease, because Bozarth had refused to sign a written one. Bozarth's rent was $172 per month. After living on the premises for almost one year, Bozarth failed to pay her rent in June 2003. On July 1, 2003, Harrison Parks gave Bozarth a three-day notice to vacate the premises. When Bozarth did not comply, Harrison Parks filed a forcible entry and detainer action. Bozarth eventually tendered rent for June and July, 2003. Harrison Parks accepted the June rent in payment on her account, but it refused to accept the July rent. It proceeded on the forcible entry and detainer action based on Bozarth's failure to pay the July rent.
 {¶ 3} A hearing was held in the trial court on August 14, 2003. After Harrison Parks had presented its case-in-chief, Bozarth moved to dismiss the action because Harrison Parks had not presented any evidence that she had been given a written notice of the rental fee, as required by R.C. 3733.11(B) and (H)(4). The trial court took the motion under advisement. Bozarth then testified on her own behalf about her history of rental payments and late fees. She did not address the issue of written notification of the rental fee.
 {¶ 4} On September 10, 2003, the trial court issued a decision and entry in which it made the following factual findings: (1) the parties had entered into an oral lease with an agreed rent of $172 per month; (2) Bozarth had refused to sign a written lease; (3) Bozarth had failed to pay her rent for July 2003; and (4) Bozarth had been served the three-day notice to vacate the premises. The trial court then concluded that Harrison Parks' action should be dismissed because it had failed to provide written notice of the rental fee as required by R.C.3733.11(B) and (H)(4).
 {¶ 5} Harrison Parks raises three assignments of error on appeal.
 {¶ 6} "1. The trial court erred in dismissing plaintiff's complaint in forcible entry and detainer based upon O.R.C.3733.11(H)(4) when defendant failed to raise the issue as an affirmative defense in her answer to the complaint or prior to plaintiff resting its case."
 {¶ 7} Harrison Parks claims that the trial court erred in allowing Bozarth to argue that it had failed to give her written notice of the rental fee because that argument was made for the first time after the close of Harrison Parks' case-in-chief. Harrison Parks asserts that this argument should have been raised as an affirmative defense so that it would have had an opportunity to present its own evidence on this issue. Bozarth asserts that establishing compliance with R.C. 3733.11(B) and (H)(4) was an element of Harrison Parks' cause of action about which it was required to present evidence in its case-in-chief.
 {¶ 8} R.C. 3733.11(B) does require a manufactured home park operator to disclose in writing all fees, charges, assessments, or rental fees. It further provides that:
 {¶ 9} "Failure on the part of the park operator to fully disclose all fees, charges, or assessments shall prevent the park operator from collecting the undisclosed fees, charges, or assessments. If a tenant or owner refuses to pay any undisclosed fees, charges, or assessments, the refusal shall not be used by the park operator as a cause for eviction in any court."
 {¶ 10} Similarly, R.C. 3733.11(H)(4) provides that, where the parties have an oral lease, the park operator may not charge any fee, charge, or assessment if it was not set forth in a written disclosure given to the tenant or owner prior to entering into a rental agreement.
 {¶ 11} The central dispute in this case is whether a park operator is required to present evidence of its compliance with R.C. 3733.11(B) and (H)(4) as part of its case-in-chief in a forcible entry and detainer action. Bozarth has not cited to any authority for her contention that proof of written notice to the tenant of the rental fee is an element of a forcible entry and detainer action, and we are aware of none. In fact, in a case in which Bozarth's attorney was involved, we specifically rejected this argument and held that R.C. 3733.11(B) provides a defense to an eviction. Dearwester's Gem City Estates v. Nelson (Dec. 7, 1994), Montgomery App. No. 14320. We observed that the statute's "clear purpose is to prevent an eviction based on the tenant's failure to pay undisclosed fees in order to avoid arbitrary evictions." Id. Further, we noted in Dearwester's that the purpose of the statute is not served where the tenant was undoubtedly aware of the fees she owed. We therefore reiterate our view that any uncertainty about the amount of rent owed due to the failure of a park operator to put the rental fee in writing would operate as an affirmative defense to a forcible entry and detainer action and that proof of compliance with R.C.3733.11(B) and (H)(4) is not an element of the cause of action.
 {¶ 12} Bozarth correctly points out that an affirmative defense may be raised at trial in a forcible entry and detainer action because no responsive pleading is required. See R.C.1923.061(A); Palomba v. Hayes (Apr. 13, 1995), Cuyahoga App. Nos. 65781 and 66714; Gahanna v. Eastgate Properties, Inc.
(Apr. 12, 1984), Franklin App. No. 83AP-581. However, Bozarth did not, in fact, present any evidence at trial that she had failed to receive written notice of her rental fee, nor did she contend that she did not know the rental fee. She had paid an undisputed amount of rent for many months, and she presented no evidence that the nonpayment of rent that caused Harrison Parks to pursue forcible entry and detainer was related to any uncertainty about the amount owed or to a fee dispute. As such, she failed to establish an affirmative defense based on R.C. 3733.11(B) and (H)(4).
 {¶ 13} The trial court erred in concluding that Harrison Parks' failure to present evidence in its case-in-chief that it had provided a written disclosure of the rental fee to Bozarth was fatal to its forcible entry and detainer action.
 {¶ 14} The first assignment of error is sustained.
 {¶ 15} The second and third assignments of error relate to the weight of the evidence, and we will discuss them together.
 {¶ 16} "2. The trial court erred in dismissing plaintiff's complaint in forcible entry and detainer when the evidence clearly showed that defendant was in arrears in her rent, had been paying the same rent for over one year, had waived a written lease in writing and the action was based upon non-payment of rent and not undisclosed fees, charges or assessments."
 {¶ 17} "3. The trial court's decision is contrary to the testimony and evidence and should be reversed."
 {¶ 18} Harrison Parks contends that the evidence clearly established Bozarth's failure to pay rent. Bozarth does not dispute this claim but contends that her failure to pay rent was irrelevant in light of Harrison Parks' failure to comply with R.C. 3733.11(B) and (H)(4).
 {¶ 19} As we discussed under the first assignment of error, Harrison Parks' failure to comply with R.C. 3733.11(B) and (H)(4) could have been an affirmative defense to Bozarth's failure to pay rent if she had established some dispute as to the amount due to a failure of written disclosure, but Bozarth failed to present evidence that she had not received written notice of the rental fee. There was ample evidence that she had failed to pay the undisputed rental fee. Moreover, the Seventh District has intimated that it may be unreasonable to interpret R.C.3733.11(B) and (H)(4) to excuse totally the payment of rent where there is evidence that the parties had agreed on the rental fee or that the tenant was aware of and had repeatedly paid the fee. See Simco Mgt. Corp. v. Snyder (Mar. 20, 2000), Mahoning App. No. 98 CA 210.
 {¶ 20} The second and third assignments of error are sustained.
 {¶ 21} The judgment of the trial court will be reversed, and the matter will be remanded to the trial court for further proceedings consistent with this opinion.
Brogan and Grady, JJ., concur.